UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAMELA JACKSON                                     CIVIL ACTION NO.

VERSUS                                             25-367-SDD-EWD

OLE LONDON TOWNE APARTMENTS

### ORDER

On or about April 28, 2025, Plaintiff Pamela Jackson ("Jackson"), who is representing herself, filed a "Petition to Stay Eviction and Protect Tribal Possessory Interest." Jackson names as the defendant in the case, Ole London Towne Apartments ("Defendant").[1] In the Petition, Jackson says that she is a "recognized citizen of the Cashbox Trust Tribal Government, a tribal nation."[2] Jackson also says that the apartment where she lives, located at 1680 O'Neal Lane in Baton Rouge, Louisiana, is maintained as her tribal leasehold possessory interest, and she claims that it is protected under federal Indian law and treaty obligations. According to Jackson, she received a 5-day eviction notice from Defendant for alleged non-payment. However, Jackson alleges that her tribal status affords protections from state jurisdiction over property and eviction matters, and that any attempt to remove her from her residence without federal adjudication infringes on these federally protected rights.

Jackson seeks the following relief: (1) an immediate stay of state court eviction proceedings; (2) recognition of her tribal possessory interest; and (3) an injunction barring Defendant from further eviction attempts without federal oversight.[3] Jackson asserts this

---
[1] R. Doc. 1. Documents in the Court record are referred to as "R. Doc. __."
[2] R. Doc. 1, p. 2.
[3] R. Doc. 1, p. 3.

Court has federal question jurisdiction because this Court has jurisdiction over questions of tribal rights.[4] Jackson was granted permission to file suit without prepaying the filing fee ("IFP status") on May 20, 2025.[5]

This Court may dismiss a claim by any plaintiff who has been given IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[6] To determine whether a complaint fails to state a claim under § 1915(e), courts apply the same standard used for dismissal under Federal Rule of Civil Procedure 12(b)(6).[7] This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[8] To survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] To avoid dismissal, a complaint must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[11]

In her Petition, Jackson states that she is asserting "inherent sovereignty and protected rights under the Treaty of Greenville (1795), and U.S. federal law, including 18

---

[4] R. Doc. 1, p. 1.

[5] R. Doc. 4.

[6] 28 U.S.C. § 1915(e).

[7] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Id.*

[11] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

U.S.C. §§ 1151-1153."[12]  The statutes Jackson cite, 18 U.S.C. §§ 1151-1153, establish federal criminal jurisdiction within "Indian country."[13]  While the Supreme Court has recognized that 18 U.S.C. § 1151 also generally applies to questions of civil jurisdiction,[14] "Indian country" primarily refers to land within the limits of any Indian reservation under the jurisdiction of the United States Government.[15]  The Supreme Court has long since held that the state has jurisdiction over lands that are not within a continuing reservation, stating:

> If the lands in question are within a continuing 'reservation,' jurisdiction is in the tribe and the Federal Government 'notwithstanding the issuance of any patent, (such jurisdiction) including rights-of-way running through the reservation.' 18 U.S.C. s. 1151(a).  On the other hand, if the lands are not within a continuing reservation, jurisdiction is in the State, except for those land parcels which are 'Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.' 18 U.S.C. s 1151(c).[16]

Jackson's Petition does not allege that her apartment, located in metropolitan Baton Rouge, is on an Indian reservation or any other Indian allotment as defined in 18 U.S.C.

---

[12] R. Doc. 1, p. 2.

[13] *DeCoteau v. District County Court for Tenth Judicial Dist.*, 420 U.S. 425, 427, n. 2 (1975), citing *McClanahan v. Arizona State Tax Comm'n*, 411 U.S. 164, 177-78, n. 17.

[14] *DeCoteau*, 420 U.S. at 427, n. 2, citing *McClanahan,* 411 U.S. at 177-78, n. 17.

[15] *See* 18 U.S.C. § 1151(a).  The full text of 18 U.S.C. § 1151 defines Indian country as:

> Except as otherwise provided in sections 1154 and 1156 of this title, the term "Indian country", as used in this chapter, means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

*See also DeCoteau*, 420 U.S. at 427, n. 2.

[16] *DeCoteau*, 420 U.S. at 427, n. 2.

§§ 1151-1153.[17] Thus, Jackson fails to state a claim under the statutory provisions she cites.

Further, Jackson asks this Court to enjoin the "state-level eviction actions" attempting to remove her from her apartment,[18] but Jackson has not explained why this Court should or may interfere with the state court's jurisdiction over the eviction proceedings. This Court is not superior to the state court and Jackson offers no reason why she has not sought relief in state court. The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from enjoining state court proceedings. There are only three exception to this prohibition: an injunction may issue if (1) it has been "expressly authorized" by Congress; (2) it is "necessary in aid of" the federal court's jurisdiction; or (3) it serves to "protect or effectuate" the federal court's judgments.[19] The United States Court of Appeals for the Fifth Circuit, whose opinions this Court is bound to follow, explained in *United States v. Billingsley*, "[t]he Act is 'designed to prevent conflict between federal and state courts'" and "does not prohibit only injunctions directed at state courts themselves, but also injunctions directed at private parties when the injunction would prohibit using the results of a state court proceeding."[20]

As the Fifth Circuit observed in *Health Net, Inc. v. Wooley*, "[t]he Anti-Injunction Act generally prohibits federal courts from interfering with proceedings in state court."[21] The Act "has been interpreted consistently as an absolute bar to any federal court action

---

[17] *See* 18 U.S.C. § 1151.
[18] R. Doc. 1, pp. 1-2.
[19] *Thompson v. Thompson*, 617 F.Supp.2d 471, 475 (E.D. La. July 27, 2022).
[20] 615 F.3d 404, 409 (5th Cir. 2010).
[21] *Health Net, Inc. v. Wooley*, 534 F.3d 487, 493 (5th Cir. 2008), quoting *Vines v. Univ. of La.*, 398 F.3d 700, 704 (5th Cir. 2005) (citing 28 U.S.C. § 2283).

that has the effect of staying a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions."[22] "The exceptions listed in the Act 'are narrowly construed,' and '[a]ny doubts as to the propriety of an injunction must be resolved in favor of the allowing the state court action to go forward.'"[23]

In this case, Jackson asks this Court to enjoin eviction proceedings in state court, but Jackson's request does not fall within any of the Act's three exceptions. Jackson has not set forth any authority or justification for the application of any one of the three exceptions in this case, and none is immediately apparent from the Court's review of Jackson's filings. To the contrary, federal district courts have consistently applied the Anti-Injunction Act to deny requests to enjoin eviction proceedings in state court.[24] Accordingly, the upcoming eviction and eviction proceedings currently pending in state court are excluded from this Court's reach.[25]

---

[22] *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131-32 (5th Cir. 1990) (citing *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977); *Mitchum v. Foster*, 407 U.S. 225, 228-29 (1972); *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491 (5th Cir. 1988) (*en banc*), *cert. denied*, 490 U.S. 1035 (1989); *Response of Carolina v. Leasco Response, Inc.*, 498 F.2d 314, 317, n. 4 (5th Cir.), *cert. denied*, 419 U.S. 1050 (1974) (internal citation omitted)).

[23] *Alacrity Sols. Grp., LLC v. Louisiana Citizens Prop. Ins. Co.*, No. 23-74, 2023 WL 3260531, at *2 (M.D. La. May 4, 2023) (Dick, C.J.), citing *Next Level Communications LP v. DSC Communications Corp.*, 179 F.3d 244, 249 (5th Cir. 1999); *J.R. Clearwater Inc. v. Ashland Chemical Co.*, 93 F.3d 176, 179 (5th Cir. 1996).

[24] *See, e.g., Thompson*, 617 F.Supp.3d 471; *Lafitte Econ. Dev. Corp. v. Cisneros,* 1994 WL 665773, at *1 (E.D. La. Nov. 29, 1994) (holding that the Anti-Injunction Act prohibited the court from enjoining an ongoing state court eviction action); *Green v. Bank of Am. N.A.,* 2013 WL 2417916, at *1 (S.D. Tex. June 4, 2013) (denying a temporary restraining order to halt an eviction brought in state court because the Anti-Injunction Act prevents federal courts from interfering with state court proceedings).

[25] *See Nixon v. Individual Head of St. Joseph Mortg. Co.*, 512 F.Supp. 253, 255 (N.D. Ind. 1985), *aff'd,* 787 F.2d 595 (7th Cir. 1986); *Ungar v. Mandell*, 471 F.2d 1163 (2nd Cir. 1972); *First National Bank & Tr. Co. of Racine v. Village of Skokie*, 173 F.2d 1 (7th Cir. 1949); *Mitchell v. U.S. Bank Nat'l Ass'n for Wells Fargo Asset Sec. Corp. Mortg. Pass-Through Certificates Series 2006-AR4*, 293 F.Supp. 3d 209, 213 (D.D.C. 2018) (Anti-Injunction Act prohibited federal court from enjoining or dismissing mortgage foreclosure proceedings in state court, to remove alleged unreasonable charges, or to return the mortgage loan to good standing).

Given the nature of the claims asserted in this case and the current state of the law, Jackson will not be given leave to amend.[26]

Therefore,

**IT IS ORDERED** that the "Petition to Stay Eviction and Protect Tribal Possessory Interest," filed by Plaintiff Pamela Jackson, is **DENIED**. The clerk of court is instructed to **CLOSE** this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit this Order to Plaintiff Pamela Jackson by regular mail and by certified mail, return receipt at the address listed on PACER.

Baton Rouge, Louisiana on the 20th day of May, 2025.

SHELLY D. DICK
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[26] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (though ordinarily a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile).